**Harbans LAL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70655.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 16, 2004.

Daniel B. Dorfman, La Quinta, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., Margaret Perry, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM **

Harbans Lal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review factual findings, including adverse credibility findings, for substantial evidence. *Salaam v. INS,* 229 F.3d 1234, 1237–38 (9th Cir.2000) (per curiam). We grant the petition.

Lal testified that he was arrested and beaten on two occasions. The IJ stated that he did not believe Lal's testimony because of the lack of supporting evidence regarding the alleged 1991 arrest, the implausibility of the alleged 1999 arrest, and the IJ's belief that Lal's true motivation for leaving India was economic. These reasons are not supported by substantial evidence. *See id.* at 1238–39 (credibility determination cannot be based on "unsupported assumption" and, where applicant is

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

otherwise credible, corroborating evidence is not required). Accordingly, we cannot uphold the IJ's adverse credibility finding.

The government contends that the denial of asylum should be upheld because the IJ also found that Lal firmly resettled in the United Arab Emirates. *See* 8 U.S.C. § 1158(b)(2)(vi). However, we decline to uphold the denial of asylum on this basis because the IJ's firm resettlement finding may have been informed by the improper adverse credibility finding. We remand to the BIA for further proceedings. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.